NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Donald L. MARVIN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>EMPIRE ATM, LLC,<br><br>        Defendant. | Civ. No. 12-13<br><br><br>OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion for Summary Judgment filed by Defendant Empire ATM, LLC ("Defendant"). (Docket Entry No. 16). Plaintiffs Donald L. Marvin, Donald W. Marvin, and Sarah Archbold ("Plaintiffs") oppose the motion. (Docket Entry No. 20). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, Defendant's Motion for Summary Judgment is granted.

## II. BACKGROUND

This case concerns an automated teller machine ("ATM") operated by Defendant that Plaintiffs claim provided insufficient notice of the fees charged to Plaintiffs when they used the ATM. Specifically, Plaintiffs claim that the ATM lacked a sticker. For the purposes of this motion, the Court assumes the parties' familiarity with the facts of this case and briefly recites those facts relevant to the Court's decision.

Defendant operates ATMs, including the ATM at issue in this case ("the ATM"), which is located at a skating rink in Monmouth, New Jersey. (Defs.' Statement of Material Facts,

1

Docket Entry No. 16, Attach. 1 at ¶ 4). Defendant's employee, Evan Almeida, personally installed the ATM and placed a notification sticker on the machine. (*Id*. at ¶ 10). Plaintiffs contend, however, that the ATM contained no such on-machine notice in November and December of 2010, when they used the ATM on five occasions and were charged a fee of $2.50 for each transaction. (*Id*. at ¶ 4). They contend that each time they used the ATM, there was no on-machine notice advising them that they would be charged a fee. (Pl.'s Statement of Material Facts, Docket Entry No. 20, Attach. 2 at ¶ 11).

Plaintiffs initially filed this lawsuit in the Superior Court of New Jersey; however, Defendant removed the action to federal court on January 3, 2012. (Docket Entry No. 1). Defendant filed an answer on January 23, 2012, (Docket Entry No. 7), and an amended answer and counterclaim on February 3, 2012, (Docket Entry No. 9). Defendant then moved for summary judgment on June 21, 2013. (Docket Entry No. 16). The Court now considers the merits of Defendant's motion.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 257.

In deciding whether there is a genuine issue of material fact, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and

must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." FED. R. CIV. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at 323-24.

IV. ANALYSIS

The Electronic Fund Transfer Act ("EFTA") protects consumer rights by providing a "framework establishing rights, responsibilities or participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). EFTA requires ATM operators who impose a fee to provide notice that a fee will be assessed as well as the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A). At the time of the ATM transactions in this case, EFTA required ATM operators to provide two forms of notice: "(1) on-machine notice in a 'prominent and conspicuous location' on the ATM; and (2) on-screen notice of the fee after the consumer has initiated the transaction but before irrevocably committed to completing the transaction." *Johnson v. U.S. Bank Nat'l Ass'n*, Civ. No. 10-4880, 2011 WL 6275963, at *3 (D. Minn. Dec. 15, 2011) (citing 15 U.S.C. § 1693b(d)(3)(B)(i)-(ii), *amended by* 15 U.S.C. § 1693b(d)(3)(B)

3

(2012)).[1] "EFTA prohibits operators from charging a fee unless the on-machine and onscreen notice requirements are met and the consumer expressly chooses to continue with the transaction." *Id*. (citing 15 U.S.C. § 1693b(d)(3)(C)).

In this case, Plaintiffs contend that they have established a *prima facie* case under EFTA. Plaintiffs argue that they have shown that the required on-machine notice was missing, Plaintiffs used the ATM, and a fee was imposed. Defendant disputes, however, that it is liable for such a violation, claiming protection under the the safe harbor and bona fide error defenses, as well as arguing that Plaintiffs are not entitled to actual damages because they cannot show detrimental reliance. The Court begins its analysis by turning to Defendant's arguments concerning the safe harbor defense.

A. *Safe Harbor Defense*

The safe harbor defense protects ATM operators from liability when they initially provide the required on-machine notice but such notice is subsequently removed by a third party. 15 U.S.C. § 1693h(d). Specifically, the safe harbor provision of EFTA provides that

> [i]f the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

*Id*.

"[C]ourts applying the 'safe harbor' defense do not demand that ATM operators prove the specific circumstances of the removal of the notice; rather they allow the ATM operator to prove that it did not remove the notice itself, leaving a sufficiently reasonable inference that someone else must have removed it." *In re Cardtronics ATM Fee Notice Litig.*, 874 F. Supp. 2d

---
[1] EFTA was amended in 2012 to eliminate the on-machine notice requirement at issue in this case. *Id*.

916, 925 (S.D. Cal. May 11, 2012); *Reyes v. Cole Taylor Bank*, Civ. No. 10-2181, 2011 WL 3704705, at *3-4 (N.D. Ill. Aug. 22, 2011); *Piontek v. Penn Sec. Bank and Trust Co.*, Civ. No. 10-1038, 2011 WL 1002194, at *3-4 (M.D. Pa. Jan. 31, 2011). Therefore, once the ATM operator shows that notice was initially affixed to the machine and that the ATM operator did not remove the notice, the burden shifts to the plaintiff to "produce some kind of evidence that would tend to show that external notice was never posted on the ATM, or if it was, that it was removed by defendant itself." *Piontek*, 2011 WL 1002194, at *4; *In re Cardtronics*, 874 F. Supp. 2d at 923.

Here, Defendant has produced evidence that shows that Defendant's employee, Evan Almeida, personally placed a notification sticker on the ATM. Furthermore, Defendant has shown that Defendant did not remove the sticker and, to the contrary, takes steps to ensure missing stickers are replaced. (Almeida Cert., Docket Entry No. 16, Attach. 2 at ¶¶ 7, 9).

The burden, therefore, shifts to Plaintiffs to produce some evidence to show a genuine issue of material fact exists as to whether the notice was ever posted or removed by Defendant. Plaintiffs first argue that Defendant has failed to produce evidence of vandalism to support Defendant's contention that the sticker was removed as a result of vandalism. As previously explained, however, Defendant need not prove the specific circumstances of the removal of the sticker. Defendant has met its burden simply by showing that it initially affixed a sticker and that it did not remove the sticker.

Plaintiff further argues that a genuine issue of material fact exists because Defendant's assertions concerning the notice and its disappearance are not credible. In support of this contention, Plaintiffs point out that the sticker provided by Defendant lists the sponsor bank's name rather than Defendant's name and questions whether Defendant, therefore, truly had an

5

incentive to replace the stickers as it contends. The Court simply cannot say, however, that this tends to show that the sticker was never posted on the ATM, or that if it was, it was removed by Defendant. As such, Plaintiff has not established a genuine issue of material fact and Defendant is entitled to the protections of the safe harbor defense. The Court, therefore, does not reach Defendant's arguments concerning the bona fide error defense or actual damages.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: August 5, 2013